UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00168-MR

| | |
|---|---|
| RUFUS M. MOONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FNU HARRISON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's Letter [Doc. 5]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

## I. BACKGROUND

Pro se Plaintiff Rufus M. Mooney ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Catawba Correctional Center ("CCC") in Newton, North Carolina. Plaintiff filed this action on July 22, 2024, pursuant to 42 U.S.C. § 1983 against FNU Harrison, identified as a Sergeant at CCC; FNU Chapelle, FNU Baker, and FNU Church, all identified as Officers at CCC; and FNU Parker, identified as the "Owner" and Warden at CCC. [Doc. 1]. Plaintiff sues Defendants in their individual and official capacities. [Id. at 3-4]. He alleges as follows.

On June 21, 2024, Plaintiff "passed out" in Commercial Cleaning class and received no medical treatment. [Id. at 5, 7]. On July 7, 2024, it was "extremely hot" in Plaintiff's prison dorm; the "[h]eat had to be over a 100 degrees." [Id. (errors uncorrected)]. Plaintiff started feeling sick. When he got up to go lie down, he passed out due to overheating and the lack of air conditioning. [Id. at 5-6]. When he "started to come back," he was incoherent, threw up once, and does not remember anything. Once he became coherent, Defendants Harrison, Chapelle, Church, and Baker were standing over him shouting "get up you (High)." [sic]. [Id. at 5]. Plaintiff was unable to get up, so they grabbed him, put him in a wheelchair, and brought him to restrictive housing for four and a half hours. [Id. at 5]. "They" kept saying that Plaintiff was high and refused him medical treatment. [Id. at 5-6]. Plaintiff was told by other inmates that, if he submitted a grievance, he would be sent to an undesirable camp. Although Plaintiff's allegations are unclear, he seems to allege that "they" found out that he had other lawsuits and charged him with an A-26 offense, being under the influence of an unknown substance.[1] "They" refused Plaintiff's request for a drug test. [Id.].

---

[1] Plaintiff has filed at least three (3) previous lawsuits against prison officials under 42 U.S.C. § 1983, two of which remain pending. See Case No. 5:22-ct-03325-FL-RJ (E.D.N.C) (pending), Case No. 5:23-ct-03124-D (E.D.N.C.) (pending), and Case No. 5:23-ct-03239-M-RJ (E.D.N.C.) (dismissed on initial review for failure to state a claim).

Plaintiff's medical records reflect a history of blackouts. [Id.]. He also has high blood pressure and "other medical conditions." [Id. at 6].

Plaintiff purports to state claims for retaliation and based on the "extremely hot … condition of prison."[2] [Id. at 5]. For injuries, Plaintiff alleges that he hit his head when he passed out, that he has been suffering migraine headaches "all over again," and that he lost privileges as a result of the A-26 offense. [Id. at 7]. Plaintiff seeks monetary relief and asks that the retaliation against him be stopped. [Id. at 8].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

---

[2] The Court will address those claims fairly raised by Plaintiff's Complaint.

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

### A.   Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794,

4

2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claims, therefore, do not survive initial review and will be dismissed.

    **B.    Retaliation**

An inmate has a clearly established First Amendment right to be free from retaliation for filing grievances. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of

5

discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court nonetheless finds that Plaintiff has failed to state a claim for retaliation against any Defendant. That is, Plaintiff alleges only that he was charged with an A-26 offense after "they" found out about Plaintiff's other lawsuits. As such, Plaintiff fails to allege a causal connection between a protected activity and any alleged retaliatory conduct. Moreover, Plaintiff fails to allege which Defendant or Defendants retaliated against him. See Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights.") (cleaned up).

### C. Eighth Amendment

#### 1. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison conditions.'" Thorpe v. Clarke, 37 F.4th 926, 940 (4th Cir. 2022) (quoting Strickler v. Waters, 989 F.2d 1375, 1381

6

Case 5:24-cv-00168-MR   Document 9   Filed 08/12/24   Page 6 of 12

(4th Cir. 1993)). "It asks instead whether the conditions of confinement inflict harm that is, objectively, sufficiently serious to deprive of minimal civilized necessities." Id. (citation omitted). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Extreme deprivations are required. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim against any Defendant under the Eighth Amendment based on Plaintiff's conditions of confinement. While "extremely hot" indoor temperatures are certainly uncomfortable and potentially dangerous, Plaintiff has not alleged facts supporting that any Defendant was responsible for or had any control over these conditions or how long they persisted.

### 2. Deliberate Indifference to a Serious Medical Need

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference." Farmer, 511 U.S. at 837.

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state a claim against any Defendant under the Eighth Amendment based on any alleged indifference to Plaintiff's medical needs. Plaintiff alleges that he passed out due to extreme heat in his prison dorm and that when he regained consciousness Defendants Harrison, Church, Chapelle, and Baker were standing over him and accused him of being "high." Plaintiff further alleges that "they" put him in a wheelchair and brought him to restrictive housing for over four hours without medical treatment. While Plaintiff may have known the source of his own condition, Plaintiff does not allege that any Defendant was subjectively aware that Plaintiff had a history of blackouts or a medical condition making him more susceptible to the heat, such that they may have disregarded a substantial risk of serious harm. See Farmer, 511 U.S. at 837.

Finally, to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation.

9

See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Plaintiff, however, makes no allegations against Defendant Parker. Plaintiff, therefore, has failed to state any claim for relief against this Defendant and he will be dismissed.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

Also before the Court is Plaintiff's letter [Doc. 5] directed to the undersigned in which Plaintiff provides further information regarding his history of blackouts, complains about fear of further retaliation, asks the Court to prevent him from being transferred, and purports to add additional Defendants to his Complaint. The Court will strike this improper letter. As Plaintiff was expressly advised in the Standing Order, "[l]etters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [Doc. 4 at ¶ 5]. "Premature, misdirected, or otherwise improper filings will not be permitted." [Id. at ¶ 8]. Plaintiff may name additional Defendants in his Amended Complaint. Moreover, the Court has no authority to affect Plaintiff's placement within the North Carolina Department of Adult Correction. Plaintiff is admonished to carefully review

the Standing Order in this matter and that any future improper filings in this matter may be summarily stricken.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If

Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Parker is hereby **DISMISSED** as a Defendant in this matter and that Plaintiff's Letter [Doc. 5] is hereby **STRICKEN** from the record in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: August 12, 2024

Martin Reidinger
Chief United States District Judge