UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00168-MR

| RUFUS M. MOONEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| FNU HARRISON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 10], see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's unsigned Letter [Doc. 11]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

I. **BACKGROUND**

Pro se Plaintiff Rufus M. Mooney ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Greene Correctional Institution in Maury, North Carolina. Plaintiff filed this action on July 22, 2024, pursuant to 42 U.S.C. § 1983 against FNU Harrison, identified as a Sergeant at Catawba Correctional Center ("CCC"); FNU Chapelle, FNU Baker, and FNU Church, all identified as Officers at CCC; and FNU Parker, identified as the "Owner" and Warden at CCC. [Doc. 1]. Plaintiff's Complaint failed initial

review for Plaintiff's failure to state a claim for relief against any Defendant. [Doc. 9]. The Court, therefore, dismissed Plaintiff's Complaint without prejudice and allowed Plaintiff 30 days to file an amended Complaint to state a claim for relief. [Id. at 11-12]. In its initial review Order, the Court also struck an improper letter filed by the Plaintiff, which he had directed to the undersigned and which, among other things, asked the Court to prevent him from being transferred to a different correctional facility. [Id. at 10; see Doc. 5]. In striking the letter, the Court admonished Plaintiff to carefully review the Standing Order in this case and that any future improper filings may be summarily stricken. [Id. at 10-11].

Plaintiff timely filed his Amended Complaint [Doc. 10], which is now before the Court on initial review. Plaintiff again names Harrison, Chapelle, Baker, and Church as Defendants. [Id. 2-3]. He sues them in their individual capacities only. [Id.]. Plaintiff alleges as follows. On July 7, 2024, at approximately 3:30 p.m., Plaintiff was feeling sick after having taken his prescription medication. He was sitting in his chair, presumably in his cell, and stood up to go lay down in his bed. When he stood up, he passed out, falling straight to the floor. [Id. at 4]. When he "came through," Defendants were standing over him, laughing and saying Plaintiff "was high." One of them "in a[n] angry voice" told Plaintiff to get up, but Plaintiff was "incoherent"

and "couldn't do anything." "They" picked Plaintiff up, "threw" him in a wheelchair, and "took [him] out." [Id.]. Plaintiff was denied medical attention and a drug test, which he requested. [Id. at 4-5]. "They knew [Plaintiff's] medical conditions and [were] aware" that Plaintiff has blackouts. [Id. at 4]. On July 29, 2024, Plaintiff "had the same Incidents" and was taken by ambulance to an outside hospital, where he was admitted. [Id. at 5]. Testing there showed "a spot" on Plaintiff's brain and "problems with [his] heart not getting enough oxygen." [Id.]. Plaintiff must see a neurosurgeon to determine if the spot on his brain came from "the fall" or something else. [Id.].

Plaintiff claims violation of his rights under the First and Eighth Amendments.[1] [Id. at 3]. Plaintiff does not allege what injuries he suffered other than having been "denied medical attention." [Id. at 5]. Plaintiff seeks $2.5 million in damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which

---

[1] Plaintiff's allegations do not implicate the First Amendment. The Court, therefore, will only address Plaintiff's allegations under the Eighth Amendment claim.

relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan,

526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has again failed to state a claim against any Defendant under the Eighth Amendment based on any alleged indifference to Plaintiff's medical needs. Plaintiff alleges only that "they" knew Plaintiff's "medical conditions" and were "aware" that he has blackouts. Assuming Plaintiff's "blackouts" constitute a serious medical need, these vague allegations are insufficient to show that Defendants subjectively believed a substantial risk of harm existed. See Farmer, 511 U.S. at 837. See also Langford v. Joyner, 62 F.4th 122, 125-26 (4th Cir. 2023) (dismissing Plaintiff's medical deliberate indifference claims against non-medical prison official defendants where Plaintiff's "global manner of pleading" made his claim against those defendants "less plausible"). On the contrary, Plaintiff alleges that Defendants believed that Plaintiff was "high."

Moreover, Plaintiff does not allege having suffered any actual harm from the alleged denial of medical care. See Erickson v. Pardus, 551 U.S. 89, 92-93 (2007) (holding prisoner plaintiff's allegations of harm suffered by his removal from the hepatitis C treatment program sufficient to withstand prison official defendants' motion to dismiss his medical deliberate indifference claim). That is, Plaintiff alleges having experienced a similar incident a few weeks later for which he received medical care where it was

discovered he has a "spot" on his brain that may have been caused by "the fall." Even if the spot was caused by Plaintiff's July 7, 2024 fall, Plaintiff does not allege that the fall could have been prevented in the first instance, only that Defendants did not react properly to it.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

Also before the Court is Plaintiff's unsigned letter in which he complains about having been transferred to a different facility and about issues with his mail. [Doc. 11]. The Court will strike this improper letter in accordance with its previous admonishments to the Plaintiff, [see Doc. 9 at 10-11], and because it is unsigned. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record … or by a party personally if the party is unrepresented.").

IV. **CONCLUSION**

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 10] is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

**IT IS FURTHER ORDERED** that Plaintiff's Letter [Doc. 11] is hereby **STRICKEN** from the record in this matter.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: September 25, 2024

Martin Reidinger
Chief United States District Judge